MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
JESSICA L. MEYER (SBN: 249064)
jlmeyer@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7769
Facsimile: (619) 696-7124

Attorneys for Defendants
AMCO INSURANCE COMPANY and NATIONWIDE INSURANCE COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE TOWNE CORNERS, LLC, a Delaware Limited Liability Company authorized to do business in the State of California, <br><br> Plaintiff, <br><br> vs. <br><br> AMCO INSURANCE COMPANY, an Iowa Corporation; NATIONWIDE INSURANCE COMPANY OF AMERICA, an Ohio Corporation; and DOES 1 through 25, Inclusive, <br><br> Defendants. | CASE NO. <br><br> Los Angeles Superior Court Case No.: 20STCV45812 <br><br> **DEFENDANTS AMCO INSURANCE COMPANY AND NATIONWIDE INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL OF CIVIL ACTION** <br> **[28 U.S.C. §§ 1332, 1441, and 1446]** <br><br> Complaint Filed: 12/01/2020 |

**TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, Defendants AMCO Insurance Company ("AMCO") and Nationwide Insurance Company Of America ("Nationwide") (collectively "Defendants") remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This Court has original jurisdiction of this action under 28 U.S.C. §

1332(a) because there is complete diversity of citizenship between Plaintiff One Towne Corners, LLC ("Plaintiff" or "One Towne Corners") on the one hand, and Defendants on the other, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

In support of this Notice of Removal, Defendants further state:

1. Plaintiff commenced this action on December 1, 2020 by filing a complaint for Breach of Contractual Duty to Pay a Covered Claim, Breach of An Implied Obligation of Good Faith and Fair Dealing, Insurance Bad Faith and Breach of Fiduciary Duty in the Superior Court of the State of California for the County of Los Angeles ("Complaint"). Upon the filing of the Complaint, the case was assigned case number 20STCV45812. A true and correct copy of the Complaint (with enclosures) is attached hereto as **Exhibit 1**.

2. The Complaint (with enclosures) and a summons on the Complaint were first served upon AMCO and Nationwide on January 28, 2021. True and correct copies of the summons on the Complaint and proofs of service for both Defendants are attached hereto as **Exhibit 2**. No other documents have been served on Nationwide or AMCO.

3. The Complaint arises out of Defendants' alleged failure to pay coverage benefits owed to Plaintiff under AMCO Commercial Property Policy No. ACP CPAA 3046758567 ("Policy") in connection with a first party property loss ("Claim") that occurred on or about February 5, 2019 at certain real property owned by Plaintiff which is located at 777 E. 10th Street in Los Angeles, California ("Property"). Plaintiff further contends that Defendants acted in bad faith and breached alleged fiduciary duties owed to it in connection with the investigation and handling of the Claim.

4. Defendants are informed and believe that they are the only defendants that have been served with the summons and Complaint in this action. Defendants designated as Does 1 through 25 are fictitious defendants, are not parties to this

-2-

action, have not been served, and are to be disregarded for purposes of this removal. *See* 28 U.S.C. § 1441(a).

5. Plaintiff One Towne Corners is and was at the time of the filing of this action a Delaware limited liability company authorized to and doing business in the County of Los Angeles in the State of California and the owner of the Property located in Los Angeles County which is the subject matter of this action. (Complaint, ¶ 1.) Attached hereto as **Exhibit 3** are true and correct copies of One Towne Corners' corporate filings with the Secretary of State for the State of California which indicate that Plaintiff's principal place of business is located at 603 North Foothill Road in Beverly Hills, California. Consistent with *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001), and *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990), the "substantial predominance" of Plaintiff's business operations and its activities relevant to the maintenance and ownership of the Property occur in the State of California. Given that One Towne Center is a limited liability company organized in Delaware and has its principal place of business in California, for purposes of diversity jurisdiction, One Towne Center is a citizen of California.

6. Relevant to diversity jurisdiction considerations, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). According to Plaintiff's Statement of Information on file with the Secretary of State for the State of California (*see* **Exhibit 3**), One Towne Corners' only member is Sion Neman who is a citizen of the State of California. Accordingly, for purposes of diversity jurisdiction in this matter, the sole member of One Towne Corners is a citizen of California – <u>not</u> Iowa or Ohio.

7. Removal is appropriate because neither AMCO nor Nationwide is a citizen of the State of California for the purposes of diversity. At the time of the filing of this action and this Notice of Removal, AMCO is and was an Iowa

-3-

1 corporation incorporated under the laws of the State of Iowa. Its headquarters office is located at 1100 Locust Street, Des Moines, IA 50391. Defendant Nationwide is and was an Ohio corporation incorporated under the laws of the State of Ohio. Nationwide's headquarters office is located at 1 W. Nationwide Blvd., Columbus, OH 43215. Consistent with *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001) and *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990), the "substantial predominance" of Defendants' business activities occur in Iowa and Ohio – <u>not</u> California. Therefore, for purposes of diversity jurisdiction, AMCO has its principal place of business in Iowa and not California. Nationwide has its principal place of business in Ohio and not California.

8. Pursuant to 28 U.S.C. § 1441(b), diversity jurisdiction suits are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

9. Given that AMCO is incorporated in Iowa with its principal place of business located in Iowa and Nationwide is incorporated in Ohio with its principal place of business located in Ohio, Defendants are not citizens of California for purposes of diversity jurisdiction and removal considerations pursuant to 28 U.S.C. § 1441(b).

10. Plaintiff alleges in the Complaint that it has suffered damages in excess of $1 million. (Complaint, ¶¶ 18, 23, 27, 35; Prayer for Relief.) Accordingly, the amount in controversy in this action is therefore in excess of $75,000, exclusive of interests and costs.

11. This action is, therefore, a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and one which may be removed by Defendants to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that it is a civil action wherein the matter in controversy exceeds $75,000 (exclusive of interest and costs) and is between citizens of different states.

///

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION [28 U.S.C. §§ 1332, 1441, and 1446]
Case No.

12. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." In order to trigger the thirty-day removal period, receipt of the summons and Complaint must be by proper service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). This Notice of Removal was filed within thirty days of service of the summons and Complaint upon Defendants.

13. Assignment to the United States District Court for the Central District of California is appropriate because a substantial part of the events or omissions giving rise to the Claim took place in Los Angeles County within the Central District of California.

14. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants, which papers include the summons and Complaint, are attached hereto as Exhibits 1 and 2.

15. Defendants have not filed a responsive pleading in Los Angeles County Superior Court.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Los Angeles County Superior Court.

17. Pursuant to 28 U.S.C. § 1446(d), Defendants are providing this Notice of Removal to Plaintiff and its counsel of record.

/ / /
/ / /
/ / /
/ / /
/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to this Court, and requests that this Court exercise jurisdiction over all further proceedings in this action.

Dated: February 25, 2021        GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Michelle R. Bernard*
     Michelle R. Bernard
     Jessica L. Meyer
     Attorneys for Defendants
     AMCO INSURANCE COMPANY and
     NATIONWIDE INSURANCE COMPANY
     OF AMERICA

-6-
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION [28 U.S.C. §§ 1332, 1441, and 1446]
Case No.

1230327/56706553v.1