# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2020 01:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
20STCV45812

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rupert Byrdsong

1  DAVID R. FISHER, ESQ.  (SBN 119773)
   JEFFREY R. KLEIN, ESQ. (SBN 273310)
2  **FISHER & WOLFE LLP**
   9401 Wilshire Boulevard, Suite 640
3  Beverly Hills, California 90212-2913
   Telephone:     (310) 278-4300
4  Facsimile:     (310) 278-5430
   E-mail: drf@fisherwolfe.com
5  E-mail: jrk@fisherwolfe.com

6  Attorneys for Plaintiff One Towne Corners, LLC,
   a Delaware Limited Liability Company authorized
7  to do business in the State of California

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10 ONE TOWNE CORNERS, LLC, a Delaware          **CASE NO.:**  20STCV45812
   Limited Liability Company authorized to do    UNLIMITED JURISDICTION
11 business in the State of California,

12                 Plaintiff,                    **COMPLAINT FOR:**

13          vs.                                   1.  **BREACH OF CONTRACTUAL DUTY
                                                      TO PAY A COVERED CLAIM;**
14 AMCO INSURANCE COMPANY, an Iowa              2.  **BREACH OF AN IMPLIED
   Corporation; NATIONWIDE INSURANCE               OBLIGATION OF GOOD FAITH AND
15 COMPANY OF AMERICA, an Ohio                      FAIR DEALING;**
   Corporation; and DOES 1 through 25, Inclusive, 3.  **INSURANCE BAD FAITH FOR
16                                                   FAILURE TO PROPERLY
                 Defendants.                        INVESTIGATE A CLAIM**
17
                                                 **DEMAND FOR JURY TRIAL**
18

19        Plaintiff One Towne Corners, LLC, a Delaware Limited Liability Company authorized to do

20 business in the State of California, alleges for its Complaint as follows:

21                              **THE PARTIES**

22        1.      At all relevant times herein, Plaintiff One Towne Corners, LLC ("Plaintiff" or "One

23 Towne"), is and was a Delaware Limited Liability Company authorized to and doing business in the

24 County of Los Angeles, State of California. It along with One Tocker, LLC and One Towne and

25 Crocker Investments, LLC are owners and insureds of that certain real property and improvements

26 located at 777 E. 10th Street Los Angeles CA, 90021 ("the Property").  At all relevant times herein,

27 Plaintiff has been a named insured under a policy of insurance issued by and through defendant

28 carriers.

                                          1

2.      Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendant AMCO Insurance Company ("Amco") is and was an Iowa Corporation doing business in Los Angeles, California, insuring named Plaintiff One Towne, the property located at 777 E. 10th St., Los Angeles, CA 90021-2087 (the "Property") as well as several additional named insureds, including One Tocker, LLC & One Towne and Crocker Investments, LLC, under Policy Number ACP 30-4-6758567 (the "Insurance Policy").

3.      Wherever a reference is made in this Complaint as to any representation, act, or transaction by Defendant Amco, such allegation shall be deemed this corporation and its principals, officers, directors, employees, agents and/or representatives, while actively engaged within the action or ostensible scope of their employment, who did authorize such representations, acts, or transaction on behalf of Defendant Amco.

4.      Plaintiff is informed and believe, and based thereon allege, that at all relevant times, Defendant Nationwide Insurance Company of America ("Nationwide") is and was an Ohio Corporation doing business in Los Angeles, California, insuring named Plaintiff One Tocker, LLC, the Property, as well as several additional named insureds, including One Tocker, LLC & One Towne and Crocker Investments, LLC , under the Insurance Policy.

5.      Wherever a reference is made in this Complaint as to any representation, act, or transaction by Defendant Nationwide, such allegation shall be deemed this corporation and its principals, officers, directors, employees, agents and/or representatives, while actively engaged within the action or ostensible scope of their employment, who did authorize such representations, acts, or transaction on behalf of Defendant Nationwide.

6.      Plaintiff is unaware of the true names and capacities of the Defendants named herein as Does 1 through 25, inclusive and therefore, sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint when the true names and capacitates of said Defendants are ascertained. Plaintiff is informed and believes and based thereon alleges that each Defendant named herein by such fictitious name is in some manner liable for the damages sustained by Plaintiff as alleged herein.

7.      Plaintiff is informed and believes, and based thereon allege, that each Defendant was

1  the employee, agent, servant, partner, beneficiary, trustee, successor trustee, executor, fictitious

2  business name, administrator, member, subsidiary, parent company, holding company, and/or joint

3  venturer of each of the remaining Defendants and was acting within the scope of said employment,

4  agency, trust relationship, beneficiary status, service, partnership, membership, fictitious business

5  name, and/or joint venture. Plaintiff is further informed and believes that each act on the part of each

6  Defendant was substantially ratified by each of the remaining Defendants.

7                         **JURISDICTION AND VENUE**

8        8.     The California state court is the proper jurisdiction for this matter because the alleged

9  unlawful and wrongful conduct of each of the Defendants was conducted within the State of

10  California, the County in which the loss occurred was in the City and County of Los Angeles,

11  California, United States of America.  Plaintiff's insurance premium payments were made out to

12  Defendant Nationwide, while Plaintiff was operating in the City of Los Angeles, County of Los

13  Angeles, California.

14        **THE STATUTE OF LIMITATIONS HAS NOT PASSED IN THIS MATTER**

15        9.     The statute of limitations has not passed in this matter.  Defendants, and each of them,

16  caused to be issued correspondence dated January 15, 2020, confirming that, contractually "you have

17  until December 1, 2020 to bring action against the company."

18            **FACTS COMMON TO ALL CAUSES OF ACTION**

19        10.    In or around 2010 when the building first opened, Plaintiff obtained an insurance

20  policy through Kulchin Ross Insurance Services, LLC, a California insurance agent who did, and

21  still does, have an office in Los Angeles County, California.  Thereafter, Plaintiff's insurance carrier,

22  Defendants Amco and Nationwide issued  a policy of insurance to Plaintiff numbered ACP 30-4-

23  6758567, insuring Plaintiff, the Property and additional insureds.  Over the years, said policy was

24  renewed with the same policy number.

25        11.    The Policy and its various riders and endorsements essentially cover all losses

26  suffered by the insured(s), unless excluded or limited by the aforementioned Policy.  Specifically,

27  the Policy provides, in part:

28            A. Coverage. We will pay for direct physical loss of or damage to

Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

CAUSE OF LOSS – SPECIAL FORM

A. Covered Causes of Loss

Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy

\*\*\*

The Policy limits the broad form of coverage, in part, as follows:

C. LIMITATIONS

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

1. We will not pay for loss of damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not *unless*:

1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls, through which the rain, snow, sleet, ice, sand or dust enters;… (*emphasis added*)

12.   The loss here is covered by the exception to the limitation. That is, "*unless*." Based upon the facts and the subject Policy language, coverage for the loss asserted should have been covered because the damage to the Property was caused by a covered loss.

13.   The Policy endorsements also provide specific coverage for Equipment Loss. It states, in part:

Additional Coverage—Equipment Breakdown

The term Covered Cause of Loss includes the Additional Coverage Equipment Breakdown as described and limited below…

1. We will pay for direct physical damage to Covered Property that is the direct result of an "accident."…

As used in this Additional Coverage:

"Accident" means a fortuitous event that causes direct physical damage to "covered equipment." The event must be one of the following:

a. Mechanical breakdown, including rupture or bursting caused by centrifugal force;

b. Artificially generated electrical current, including electric arcing, that disturbs electrical devices, appliances or wires;…

14.     On or about February 5, 2019, the elevator at the Insured's Property ceased operating due to a "Covered Loss" set forth in the Policy and further due to an "Accident" as defined in the Policy Endorsements; namely, (1) water entered the elevator shaft, turbine vents and control panels by wind driven rain which first damaged the Property and its structure (indeed, even the initial letters from the carrier confirmed damage to the exterior of the roof); and (2) the Equipment itself suffered a mechanical breakdown and electrical disturbances as a result of fortuitous event that caused direct physical damage to covered equipment.

15.     Notwithstanding, the Defendant insurance carriers in their correspondence noted, that they would not "pay for loss or damage caused by or resulting from… c. Faulty, inadequate or defective…(4) Maintenance…of part or all of any property on or off the described premises." The carriers further advised, however, that even if there were maintenance issues on faulty equipment they would pay for a loss otherwise covered.

16.     The Defendants denied the claim in contravention to the Policy language, concluding that as "the elevator electronics board *may* be due to faulty wiring, poor maintenance, or other electrical issues present in the building, we must respectfully deny any and all liability associated with this occurrence." (*emphasis added*.)

17.     The Defendant carriers turned their obligation on its head by choosing one potential cause (a non-covered loss, and then a hypothetical one) over another cause – a covered loss. The denial of coverage for the claimed loss was in bad faith and a breach of fiduciary duty because coverage was denied, not because the loss was not covered, but rather, because the Defendant carriers opted to adopt a self-serving hypothetical factual exclusion that "may" apply. It was not then that an exclusion for coverage existed or that the facts ascertained by the carriers evidenced that no coverage was available, but rather that such a set of circumstances "may" have existed. It is thus also the case that the exclusion "may not" have existed.

18.     Since the denial of coverage, and as a proximate consequence thereof, the Insureds have lost numerous tenants who had and have been unable to access the elevators at the Property. To date, although the full extent of the Insured's damages has not been determined, they exceed the jurisdictional limit of this Court, and are asserted to be in excess of $1,000,000. Indeed, the cost of

<div align="center">5</div>

repair to the elevators alone is estimated to be well in excess of $70,000.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM

*(By Plaintiff Against All Defendants)*

19.     Plaintiff incorporates herein by reference each and every allegation of paragraphs 1 through 18, as though fully set forth herein.

20.     Defendants, and each of them, owed contractual duties and obligations to the Plaintiff under the Insurance Policy issued by the Defendants to the Plaintiff covering the Property, including the duty to pay Plaintiff's claims, including those that are the subject of this Action.

21.     Plaintiff performed all of its obligations under, and satisfied all conditions of, the Insurance Policy issued by the Defendants to the Plaintiff.

22.     Defendants breached the terms and provisions of the Insurance Policy by refusing to pay benefits owed under the Insurance Policy. Since the denial of coverage, and as a proximate consequence thereof, the Insureds have lost numerous tenants who had and have been unable to access the upper floors of the Property.

23.     As a direct and proximate result of Defendants' conduct and breach of their contractual obligations, Plaintiff has suffered damages in an amount to be proven at trial, but estimated to be not less than $1,000,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF AN IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING

*(By Plaintiff Against All Defendants)*

24.     Plaintiff incorporates herein by reference each and every allegation of paragraphs 1 – 23, as though fully set forth herein.

25.     In every insurance policy there exists an implied duty of good faith and fair dealing that the insurance company will not do anything to injure the right of the insured to receive the benefits of the policy. Defendants breached their duties of good faith and fair dealing owed to the Plaintiff in the following respects:

(a)     Unreasonably and without proper cause delaying the processing of the claims

1    submitted by Defendants under the Insurance Policy;

2            (b)    Unreasonably and without proper cause refusing to pay the benefits owed

3    under the Insurance Policy;

4            (c)    Failing to diligently search for evidence to support the claim and instead

5    searching for ways to deny the claim, including the creation of adverse hypothetical scenarios

6    related to the cause of the damages suffered by the Plaintiff; and

7            (d)    Failing to consider its Insureds' interests as much as its own in evaluating the

8    subject claims.

9        26.    Plaintiff is informed and believes and based thereon alleges that Defendants breached

10   their duties of good faith and fair dealing by other acts or omissions of which Plaintiff is presently

11   unaware, but which will be shown according to proof at trial.

12       27.    Since the denial of coverage, and as a proximate consequence thereof, the Insureds

13   have lost numerous tenants who had and have been unable to access the upper floors of the Property.

14   To date, although the full extent of the Insured's damages has not been determined, they exceed the

15   jurisdictional limit of this Court, and are asserted to be in excess of $1,000,000.  Indeed, the cost of

16   repair to the elevators alone is estimated to be well in excess of $70,000.

17       28.    Defendants furthermore committed institutional bad faith. Defendants' institutional

18   bad faith amounts to reprehensible conduct because the conduct is part of a repeated pattern of unfair

19   practices and not an isolated occurrence. The pattern of unfair practices constitutes a conscious

20   course of wrongful conduct that is firmly grounded in the established policies of the Defendants.

21       29.    Plaintiff is informed and believes and based thereon alleges that Defendants have

22   committed institutional bad faith by other acts or omissions of which it is presently unaware and

23   which will be shown according to proof at the time of trial.

24       30.    As a further proximate result of the aforementioned unreasonable conduct of the

25   Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the

26   Insurance Policy. Therefore, Defendants are liable to Plaintiff for those attorney fees, witness fees

27   and costs of litigation reasonably necessary and incurred by Plaintiff in order to obtain the Insurance

28   Policy benefits.

## THIRD CAUSE OF ACTION

## INSURANCE BAD FAITH FOR FAILURE TO PROPERLY INVESTIGATE A CLAIM

*(By Plaintiff Against All Defendants)*

31.     Plaintiff incorporates herein by reference each and every allegation of paragraphs 1 through 30, as though fully set forth herein.

32.     When investigating a claim, an insurance company has a duty to diligently search for evidence which supports its insured's claim; if it seeks to discover only the evidence that defeats the claim it holds its own interest above that of the insured. Here, Defendants had a duty to diligently investigate Plaintiff's claims related to the Property.

33.     *California Insurance Code, Section 790.03, subdivisions (h)(3) and (h)(5),* make it an unfair business practice for an insurer to fail to adopt and implement reasonable standards for the prompt investigation and processing of claims and not to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

34.     Defendants failed to undertake a diligent investigation of the circumstances and evidence which gave rise to Plaintiff's claims and instead, adopted an adverse hypothetical scenario upon which it rested its decision to deny the claim. Defendants failed and refused to pursue a diligent, good-faith, investigation of Plaintiff's claims, in violation and breach of their duties owed to the Plaintiff.

35.     Since the denial of coverage, and as a proximate consequence thereof, the Insureds have lost numerous tenants who had and have been unable to access the upper floors of the Property. To date, although the full extent of the Insured's damages has not been determined, they exceed the jurisdictional limit of this Court, and are asserted to be in excess of $1,000,000.  Indeed, the cost of repair to the elevators alone is estimated to be well in excess of $70,000.

## FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

*(By Plaintiff Against All Defendants)*

36.     Plaintiff incorporates herein by reference each and every allegation of paragraphs 1 through 35, as though fully set forth herein.

37.     Defendants were in a position of confidence and trust as to the Plaintiff, and Plaintiff did, in fact, repose confidence and trust in the Defendants. As a result of this confidence and trust, Defendants were in a fiduciary relationship with the Plaintiff and owed fiduciary duties to the Plaintiff.

38.     By their acts and omissions described hereinabove, Defendants breached their fiduciary duty to the Plaintiff.

39.     As a further proximate result of the aforementioned unreasonable conduct of the Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Insurance Policy. Therefore, Defendants are liable to Plaintiff for those attorney fees, witness fees and costs of litigation reasonably necessary and incurred by Plaintiff in order to obtain the Insurance Policy benefits.

40.     Defendants intended their conduct to cause injury to Plaintiff. Alternatively, Defendants engaged in despicable conduct, carried out with a willful and conscious disregard of Plaintiff's rights or subjected Plaintiff to cruel and unjust hardship in conscious disregard of its rights. Alternatively, Defendants' conduct constituted intentional misrepresentation, deceit or concealment of material facts known to Defendants with the intention of depriving Plaintiff of property, legal rights or of causing other injury. Defendants' conduct therefore constitutes malice, oppression or fraud under *California Civil Code, Section 3294*, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants and deter future similar conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For general and consequential damages in an amount according to proof, but not less than $1,000,000;

2.     For special damages in an amount according to proof;

3.     For an award of exemplary and punitive damages;

/ / /

/ / /

4.    For attorneys fees and costs of suit herein; and

5.    For any other and further relief as the Court deems just and proper.

DATED: December 1, 2020                    **FISHER & WOLFE LLP**
                                           **DAVID R. FISHER**


By: _____
**Attorneys for Plaintiff One Towne Corners, LLC**


## DEMAND FOR JURY TRIAL

Plaintiff One Towne Corners, LLC hereby demands trial by jury.

DATED: December 1, 2020                    **FISHER & WOLFE LLP**
                                           **DAVID R. FISHER**


By: _____
**Attorneys for Plaintiff One Towne Corners, LLC**

COMPLAINT

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )          FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING   )
FOR CIVIL                        )
                                 )
                                 )
                                 )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i) Any printed document required pursuant to a Standing or General Order;

    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii) Pleadings and motions that include points and authorities;

    iv) Demurrers;

    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi) Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                     Kevin C. Brazile

11                                        KEVIN C. BRAZILE
                                          Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**

**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk of the Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____          ⟩ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ⟩ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ⟩ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ⟩ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ⟩ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____          ⟩ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____          ⟩ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                             (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____           ➢ _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____           ➢ _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____           ➢ _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____           ➢ _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____           ➢ _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____           ➢ _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

_____           ➢ _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

 Superior Court of California, County of Los Angeles

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.

CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- ADR Services, Inc. Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
- JAMS, Inc. Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
- Mediation Center of Los Angeles (MCLA) Program Manager **info@mediationLA.org** (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil.
  - Free day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/01/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV45812 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Rupert A. Byrdsong | 28 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _12/02/2020_____
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2020 01:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk

20STCV45812

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David R. Fisher, Esq. (SBN 119773)<br>Fisher & Wolfe LLP<br>9401 Wilshire Boulevard, Suite 640, Beverly Hills, California 90212 | |

TELEPHONE NO.:  (310) 278-4300     FAX NO. (Optional):  (310) 278-5430

ATTORNEY FOR (Name):  Plaintiff One Towne Corners, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

CASE NAME:
One Towne Corners, LLC v. AMCO Insurance Company, et al.

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [x] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
         issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence          court
                                                              f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Three (3)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 1, 2020

David R. Fisher
_____                              ► _____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

CM-010

## INSTRUCTIONS ON HO TO COMPLETE THE COVER SHEET

**To P a ff a d O er F g F r Pa er** If you are filing a first paper (for example, a complaint) in a civil case, you complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **o e** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **r ar** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Par e R e 0 Co e o Ca e** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Par e Co e Ca e** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND E AMPLES

**A o Tor**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (if the case involves an uninsured motorist claim sub ect to arbitration, check this item instead of Auto)

**O er PI PD D Per o a l r Pro er Da age ro gf Dea Tor**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (not asbestos or to ic environmental) (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**No -PI PD D O er Tor**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (not medical or legal)
- Other Non-PI/PD/WD Tort (35)

**E o e**
- Wrongful Termination (36)
- Other Employment (15)

**Co ra**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract (not unlawful detainer or wrongful eviction)
  - Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (not provisionally comple ) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Rea Pro er**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (not eminent domain, landlord tenant, or foreclosure)

**U a f De a er**
- Commercial (31)
- Residential (32)
- Drugs (38) (if the case involves illegal drugs, check this item otherwise, report as Commercial or Residential)

**d a Re e**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Pro o a Co e C L ga o Ca R e of Co r R e 00 0**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (arising from provisionally comple case type listed above) (41)

**E for e e of dg e**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment (non-domestic relations)
- Sister State Judgment
- Administrative Agency Award (not unpaid ta es)
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**M e a eo C Co a**
- RICO (27)
- Other Complaint (not specified above) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (non-harassment)
  - Mechanics Lien
  - Other Commercial Complaint Case (non-tort non-comple )
  - Other Civil Complaint (non-tort non-comple )

**M e a eo C Pe o**
- Partnership and Corporate Governance (21)
- Other Petition (not specified above) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: One Towne Corners, LLC v. AMCO Insurance Company, et al. | CASE NUMBER |
|---|---|

### CIVIL CASE COVER S EET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF ROUNDS FOR ASSI NMENT TO COURT OUSE LOCATION)

| T    r    r    d  r      L    R                           L   A     S    r rC  r |
|---|

S    :

S    :

S    :

#### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

| A<br>Civil Case Cover Sheet Category No. | Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER S EET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: One Towne Corners, LLC v. AMCO Insurance Company, et al. | CASE NUMBER |
|---|---|

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☑ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

***CIVIL CASE COVER S   EET ADDENDUM
AND STATEMENT OF LOCATION***

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: One Towne Corners, LLC v. AMCO Insurance Company, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: One Towne Corners, LLC v. AMCO Insurance Company, et al. | CASE NUMBER |
|---|---|

***S***    **: Statement of Reason and Address**

| REASON: <br><br> ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: <br><br> 777 E. 10th Street |
|---|---|

| CITY: <br> Los Angeles | STATE: <br> CA | ZIP CODE: <br> 90021 | |
|---|---|---|---|

***S***    **: Certification of Assignment*:**

Central

Dated:   December 1, 2020

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE  AVE T  E FOLLO  IN  ITEMS COMPLETED AND READY TO  E FILED IN ORDER TO PROPERLY COMMENCE YOUR NE  COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER S  EET ADDENDUM <br> AND STATEMENT OF LOCATION**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/02/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Alexander _____ Deputy |
| PLAINTIFF:<br>One Towne Corners, LLC, a Delaware Limited Liability Company a | |
| DEFENDANT:<br>AMCO Insurance Company, an Iowa Corporation et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>20STCV45812 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 04/01/2021 | Time: 8:30 AM | Dept.: 28 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ___12/02/2020___

_____
Rupert A. Byrdsong / Judge
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jeffrey R. Klein
9401 Wilshire Boulevard, Suite 640
Beverly Hills, CA 90212-2913

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___12/02/2020___

By __S. Alexander__
Deputy Clerk

| LACIV 132 (Rev. 07/13)<br>LASC Approved 10-03<br>For Optional Use | **NOTICE OF<br>CASE MANAGEMENT CONFERENCE** | Cal. Rules of Court, rules 3.720-3.730<br>LASC Local Rules, Chapter Three |
|---|---|---|

# EXHIBIT 2



**TV / ALL**
**Transmittal Number: 22679062**
**Date Processed: 01/29/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | Nationwide Insurance Company Of America<br>Entity ID Number  3286566 |
| **Entity Served:** | Nationwide Insurance Company of America |
| **Title of Action:** | One Towne Corners LLC vs. AMCO Insurance Company, Nationwide Insurance Comp |
| **Matter Name/ID:** | One Towne Corners LLC vs. AMCO Insurance Company, Nationwide Insurance Comp (10906751) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 20STCV45812 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/28/2021 |
| **Answer or Appearance Due:** | 30  days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Fisher & Wolfe LLP<br>n/a |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2020 01:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
20STCV45812

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**   AMCO INSURANCE COMPANY, an Iowa Corporation;
*(AVISO AL DEMANDADO):*   NATIONWIDE INSURANCE COMPANY OF AMERICA,
an Ohio Corporation; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ONE TOWNE CORNERS, LLC, a Delaware Limited Liability Company authorized to do
business in the State of California

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles County Superior Court<br>111 North Hill Street, Los Angeles, California 90012-3014<br>Central District - Stanley Mosk Courthouse | CASE NUMBER: *(Número del Caso):*<br>**20STCV45812** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David R. Fisher, Esq. (SBN 119773), Fisher & Wolfe LLP, 9401 Wilshire Blvd., Ste 640, Beverly Hills, CA 90212, (310) 278-4300

| DATE:<br>*(Fecha)*  12/01/2020 | Clerk, by<br>*(Secretario)* | Sherri R. Carter Executive Officer / Clerk of Court<br>D. Williams | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NATIONWIDE INSURANCE COMPANY OF AMERICA,
     an Ohio Corporation
     under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|



**null / ALL**
**Transmittal Number: 22678398**
**Date Processed: 01/29/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | AMCO Insurance Company<br>Entity ID Number  0115190 |
| **Entity Served:** | Amco Insurance Company |
| **Title of Action:** | One Towne Corners, LLC vs. Amco Insurance Company, Nationwide Insurance Company of America |
| **Matter Name/ID:** | One Towne Corners, LLC vs. Amco Insurance Company, Nationwide Insurance Company of America (10906399) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 20STCV45812 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/28/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Fisher & Wolfe LLP<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2020 01:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
20STCV45812

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**   AMCO INSURANCE COMPANY, an Iowa Corporation;
*(AVISO AL DEMANDADO):*   NATIONWIDE INSURANCE COMPANY OF AMERICA,
an Ohio Corporation; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ONE TOWNE CORNERS, LLC, a Delaware Limited Liability Company authorized to do
business in the State of California

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles County Superior Court<br>111 North Hill Street, Los Angeles, California 90012-3014<br>Central District - Stanley Mosk Courthouse | CASE NUMBER: *(Número del Caso):*<br>20STCV45812 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David R. Fisher, Esq. (SBN 119773), Fisher & Wolfe LLP, 9401 Wilshire Blvd., Ste 640, Beverly Hills, CA 90212, (310) 278-4300

| DATE:<br>*(Fecha)*  12/01/2020 | Clerk, by | Sherri R. Carter Executive Officer / Clerk of Court | , Deputy |
|---|---|---|---|
| | *(Secretario)* | D. Williams | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMCO INSURANCE COMPANY, an Iowa Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

EXHIBIT 3



# State of California
## Secretary of State

**STATEMENT OF INFORMATION**
(Limited Liability Company)

Filing Fee $20.00. If this is an amendment, see instructions.

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

L

91

**FILED**
Secretary of State
State of California

**FEB 05 2015**

21 /20 MC
This Space For Filing Use Only

1.  LIMITED LIABILITY COMPANY NAME

ONE TOWNE CORNERS, LLC

| File Number and State or Place of Organization | | |
|---|---|---|
| 2.  SECRETARY OF STATE FILE NUMBER **201501210147** | 3.   STATE OR PLACE OF ORGANIZATION (If formed outside of California) Delaware | |

**No Change Statement**

4.  If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no Statement of Information has been previously filed, this form must be completed in its entirety.

☐  If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 15.

**Complete Addresses for the Following**  (Do not abbreviate the name of the city. Items 5 and 7 cannot be P.O. Boxes.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 5.  STREET ADDRESS OF PRINCIPAL OFFICE | 603 North Foothill Road | Beverly Hills, CA | | 90210 |
| 6.  MAILING ADDRESS OF LLC, IF DIFFERENT THAN ITEM 5 | | CITY | STATE | ZIP CODE |
| 7.  STREET ADDRESS OF CALIFORNIA OFFICE | 603 North Foothill Road | Beverly Hills | CA | 90210 |

**Name and Complete Address of the Chief Executive Officer, If Any**

| 8.  NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

**Name and Complete Address of Any Manager or Managers, or if None Have Been Appointed or Elected, Provide the Name and Address of Each Member**  (Attach additional pages, if necessary.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 9.  NAME SION NEMAN | ADDRESS 603 North Foothill Road | Beverly Hills, CA | | 90210 |
| 10.  NAME | ADDRESS | CITY | STATE | ZIP CODE |
| 11.  NAME | ADDRESS | CITY | STATE | ZIP CODE |

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California address, a P.O. Box is not acceptable. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 13 must be left blank.

12.  NAME OF AGENT FOR SERVICE OF PROCESS
Fred F. Mashian

| 13.  STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 9255 Sunset Blvd., Suite 630 | Los Angeles | CA | 90069 |

**Type of Business**

14.  DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY
Real Estate Investment

15.  THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 01/14/2015 | SION NEMAN | Manager | |
|---|---|---|---|
| DATE | TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | TITLE | SIGNATURE |

| LLC-12 (REV 01/2014) | APPROVED BY SECRETARY OF STATE |
|---|---|

| LLC-5 | Application to Register a Foreign Limited Liability Company (LLC) |
|---|---|

**201501210147**

FILED
Secretary of State
State of California

JAN 0 9 2015

This Space For Office Use Only

To register in California an LLC from another state, country or other place, fill out this form, and submit for filing along with:

- A $70 filing fee, and
- A certificate of good standing, issued within the last six (6) months by the agency where the LLC was formed.
- A separate, non-refundable $15 service fee also must be included, if you drop off the completed form.

*Important!* LLCs in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

Registered LLCs cannot provide in California "professional services," as defined by California Corporations Code sections 13401(a) and 13401.3.

For questions about this form, go to *www.sos.ca.gov/business/be/filing-tips.htm*

**LLC Name to be used for this LLC in California**

① a.  ONE TOWNE CORNERS, LLC
   LLC Name            List the LLC name you use now  (exactly as listed on your certificate of good standing)

   b.
   Alternate Name      If the LLC name in item 1a does not comply with California Corporations Code section 17701.08; list an alternate name to be used in California exactly as it is to appear on the records of the California Secretary of State. The alternate name must include: LLC, L.L.C., Limited Liability Company, Limited Liability Co., Ltd. Liability Co. or Ltd. Liability Company; and may not include: bank, trust, trustee, incorporated, inc., corporation, or corp., insurer, or insurance company. For general entity name requirements and restrictions, go to www.sos.ca.gov/business/be/name-availability.htm.

**LLC History**

② a. Date your LLC was formed (MM, DD, YYYY):_____   January 08, 2015

   b. State, country or other place where your LLC was formed:_____   Delaware

   c. Your LLC currently has powers and privileges to conduct business in the state, country or other place listed above.

**Service of Process** (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your LLC is sued. You may list any adult who lives in California. You may not list an LLC as the agent. Do not list an address if the agent is a California registered corporate agent as the agent's address for service of process is already on file.)

③ a. FRED F. MASHIAN
   Agent's Name

   b. 9255 Sunset Blvd., Suite 630          Los Angeles        CA     90069
   Agent's Street Address (if agent is not a corporation) - Do not list a P.O. Box    City (no abbreviations)   State   Zip

   If the agent listed above has resigned or cannot be found or served after reasonable attempts, the California Secretary of State will be appointed the agent for service of process for your LLC.

**LLC Addresses**

④ a. 603 N. Foothill Road                    Beverly Hills      CA     90210
   Street Address of Principal Executive Office - Do not list a P.O. Box   City (no abbreviations)   State   Zip

   b. 603 N. Foothill Road                    Beverly Hills      CA     90210
   Street Address of Principal Office in California, if any - Do not list a P.O. Box   City (no abbreviations)   State   Zip

   c.
   Mailing Address of Principal Executive Office, if different from 4a or 4b   City (no abbreviations)   State   Zip

**Read and sign below:**
I am authorized to sign this document under the laws of the state, country or other place where this LLC was formed.

Sign here ▶

                                    FRED F. MASHIAN              Authorized Agent
                                    Print your name here          Your business title

Make check/money order payable to: Secretary of State
Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee.

| | By Mail | Drop-Off |
|---|---|---|
| | Secretary of State | Secretary of State |
| | Business Entities, P.O. Box 944228 | 1500 11th Street, 3rd Floor |
| | Sacramento, CA 94244-2280 | Sacramento, CA 95814 |

Corporations Code §§ 17701.04, 17701.06, 17708.02, Revenue and Taxation Code § 17941
LLC-5 (REV 01/2014)

2014 California Secretary of State
www.sos.ca.gov/business/be

# *Delaware*

PAGE 1

### *The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY "ONE TOWNE CORNERS, LLC" IS DULY
FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD
STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS
OFFICE SHOW, AS OF THE NINTH DAY OF JANUARY, A.D. 2015.



Jeffrey W. Bullock, Secretary of State

5670974  8300

150029777

AUTHENTICATION: 2023798

DATE: 01-09-15

201501210147

**Secretary of State**
Statement of No Change
(Limited Liability Company)

**LLC-12NC**

21-A29353

# FILED

In the office of the Secretary of State
of the State of California

JAN 15, 2021

*This Space For Office Use Only*

**IMPORTANT — Read instructions before completing this form. This form may be used only if a complete Statement of Information has been filed previously and there has been no change.**

Filing Fee – $20.00

Copy Fee – $1.00;
       Certification Fee - $5.00 plus copy fee

1. **Limited Liability Company Name** (Enter the **exact** name of the LLC as it is recorded with the California Secretary of State. Note: If you registered in California using an alternate name, see instructions.)

ONE TOWNE CORNERS, LLC

| 2. **12-Digit Secretary of State File Number** | 3. **State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201501210147 | DELAWARE |

4. **No Change Statement** (Do not alter the No Change Statement.  If there has been any change, please complete a Statement of Information (Form LLC-12).)

*There has been no change in any of the information contained in the previous complete Statement of Information filed with the California Secretary of State.*

5.  The information contained herein is true and correct.

| 01/15/2021 | Sion Neman | Manager | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)**   (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document, enter the name of a person or company and the mailing address. This information will become public when filed. (SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:
Company:
Address:
City/State/Zip:

LLC-12NC (REV 01/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be